Exhibit "A"



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 1701 9438 15

COOLING & HERBERS PC
2400 CITY CENTER SQUARE 1100 MAIN STREET
KANSAS CITY, MO 64105

C/O Kelly Chasteen

P.O Box 145496

Cincinnati, OH 45250-5496



Stock #R1460
Made in USA

Surviv⬤r
Quality Park Products

DuPont™ Tyvek®
Tyvek® is a trademark of DuPont used
under license by LSC Communications US,
LLC d/b/a TOPS Products.

IN THE <u>9th</u> JUDICIAL DISTRICT
DISTRICT COURT OF <u>Harvey</u> COUNTY, KANSAS
[SITTING AT <u>Newton</u> ]
*(Name of city, if more than one court location in county)*

<table>
<tr><td>

<u>James R. Wiens</u> ,
      **Plaintiff,**
V
<u>The Cincinnati Insurance Company</u> ,
      **Defendant.**

</td><td>

)
)
)
)
)

</td><td>

Case No. <u>HV-2025-CV-000087</u>

</td></tr>
</table>

Defendant's Name and Address:
c/o Kelly Chasteen P.O Box
145496 Cincinnati, OH 45250-5496
Proceeding Pursuant to K.S.A. Chapter 60     **SUMMONS**

To: <u>The Cincinnati Insurance Company</u> ,
       *(Defendant's name )*

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

## Elizabeth Vasseur-Browne

*(Attorney's name or Plaintiff's name)*

## 1100 Main Street Suite 2400 Kansas City, MO 64105

*(Attorney's address or Plaintiff's address)*

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date **6/20/25**

Clerk's Seal

Clerk of the District Court.

By _____
Clerk or Deputy

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I certify that I served a copy of this summons and a copy of the petition and

_____

*(Insert name of any other documents served)*

on _____ in the following manner:

             *(Name of defendant)*

_____(1)    **Personal Service** - on the _____ day of _____, 2___,   by delivering or offering to deliver the documents to the above-named person;

_____(2)    **Residence Service** - on the ____ day of _____, 2___,   by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3)    **Residence Service** - on the ____ day of _____, 2___,   by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)    **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)    **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address:

              _____.

_____(6)    **Other Method of Service** - _____.
                                *(Describe other method of service allowed by law)*

_____(7)    **No Service**.  The above-named person was not served for the following reason(s): _____.

**CERTIFICATION OF**
**RETURN ON SERVICE OF SUMMONS**

**Service by**
**Law Enforcement Officer**

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

                                           _____
                                           *(Signature of Officer)*

                                           _____
                                           *(Title of Officer)*

---

**Service Outside State**
**Affidavit of Service**

STATE OF _____)
                    ) ss.
COUNTY OF _____)

I, _____, am authorized to serve process in civil actions in the state of
    *(name)*
_____.
*(state)*

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

                                           _____
                                           *(Signature of Person Authorized to Administer Oaths)*

Subscribed and sworn to before me this _____ day of _____, 2____.

                                           _____
                                           *(Signature of Person Authorized to Administer Oaths)*

**Service by a Person other than a Law Enforcement Officer in Kansas**

**Affidavit of Service**

STATE OF KANSAS        )
                       ) ss.
COUNTY OF _____ )

    I, _____, swear or affirm that the foregoing Return on Service
      *(name)*
of Summons is true and correct.

Executed on _____, 2____.


                                  _____
                                    *(Signature of Person Service Process)*

Subscribed and sworn to before me this _____ day of _____, 2____.


                                  _____
                                  *(Signature of Person Authorized to Administer Oaths)*

**IN THE 9TH JUDICIAL DISTRICT COURT**
**DISTRICT COURT, HARVEY COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | |
|---|---|
| **JAMES R. WIENS** <br> 901 Sharps Drive <br> Newton, KS 67114 <br><br> and <br><br> **CONCRETE VAULTS INC.** <br> 901 Sharps Drive <br> Newton, KS 67114 <br><br> and <br><br> **JRW INVESTMENT, LLC** <br> 901 Sharps Drive <br> Newton, KS 67114 <br><br>           **Plaintiffs,** <br><br> v. <br><br> **THE CINCINNATI INSURANCE COMPANIES,** <br><br> **Serve Registered Agent:** <br> c/o Kelly Chasteen <br> P.O. Box 145496 <br> Cincinnati OH 45250-5496 <br><br>           **Defendant.** | Case No.: HV-2025-CV-000087 |

Pursuant to K.S.A. § 60

## PETITION

**COME NOW,** Plaintiffs James R. Wiens ("Wiens"), Concrete Vaults Inc. ("CVI"), and JRW Investment LLC ("JRW"), (collectively "Plaintiffs"), by and through counsel of record, and for their Petition for Damages against Defendant The Cincinnati Insurance Companies, ("Defendant Insurer") herein state and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Wiens is a citizen of the state of Kansas and resides in Newton, Kansas.

2.      Plaintiffs Concrete Vaults Inc. ("CVI") and JRW Investment LLC ("JRWI") are both registered to do business with the Kansas Secretary of State and do business in the state of Kansas.

3.      Defendant Insurer is a corporation that exists under the laws of the state of Ohio, with headquarters in Fairfield, Ohio, and with a place of business in Kechi, Kansas.  While Defendant Insurer conducts business in the state of Kansas, upon information and belief, it has not registered to do business in the state of Kansas.

4.      This Court has subject matter jurisdiction over this matter because it is a court of general original jurisdiction of all matters pursuant to K.S.A. § 20-301.

5.      This Court has personal jurisdiction over Defendant as it has entered into contracts and does business in Kansas, including the contract that is the subject of this action.

6.      Venue is proper in Harvey County under K.S.A. 60-604(2) as this is where the cause of action arose.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiffs and Defendant Insurer mutually agreed to enter into a written contract for property insurance coverage. *See* Policy, EBA 045 21 85, ("Policy") at **Exhibit A**.

8.      The Effective Dates of the Policy were August 16, 2020, to August 16, 2023.

9.      The Policy included a provision labeled FM502 Commercial Property Coverage Part Declarations.

10.     The Policy included Business Personal Property coverage.

2

11.     Losses are covered by Defendant Insurer's Policy under Business Personal Property coverage for "[A]ll other personal property owned by [Insured] and used in [Insured's] business."

12.     Plaintiffs exchanged valuable consideration in the form of the premium payments for Defendant Insurer providing insurance coverage as stated in the Policy.

13.     On or about March 31, 2023, Plaintiffs' Business Personal Property ("BPP"), including an aircraft airframe, an aircraft engine, and other aircraft parts, were damaged in a tornado ("Loss").  The damages included:

      a.  Airframe:      $ 154,562.00;

      b.  Engine:      $ 144,510.00; and

      c.  Aircraft Parts:  $ 55,697.00.

14.     Plaintiffs notified Defendant Insurer of the loss under the Policy, making a claim in the amount of $354,769.00 ("Claim").

15.     On or about March 21, 2024, Defendant Insurer denied coverage to the BPP loss, except to the extent covered by the Property Off Premises provision for only $10,000.00.

16.     On or about April 9, 2024, and April 12, 2024, Defendant Insurer restated its denial of coverage for the BPP Loss, except as limited to $10,000.00.

## COUNT I
## BREACH OF CONTRACT

17.     Plaintiffs incorporate by reference the preceding paragraphs as set forth herein.

18.     At all relevant times the Policy was a valid and enforceable contract between Plaintiffs and Defendant Insurer.  Plaintiffs performed all material obligations and conditions precedent under the Policy including paying valuable consideration (premiums) for insurance coverage.

3

19.     On or about March 31, 2023, Plaintiffs suffered a Loss of its BPP.

20.     The Policy was in full force and effect and the time of the Loss and included coverage for BPP.  The Loss is BPP.

21.     Plaintiffs made a claim to Defendant Insurer for the Loss in the amount of $354,769.00.

22.     Defendant Insurer failed and refused to fully compensate Plaintiffs for the Loss, therefore materially breached its contract with Plaintiffs.

23.     As a result of Defendant Insurer's material breach, Plaintiffs sustained damages totaling $354,769.00.

**WHEREFORE,** Plaintiffs pray this Court enter a judgment against Defendant Insurer as to Count I, in its favor, together with interest as provided by law from the date of judgment, and for costs, including reasonable attorney's fees and expenses, and awarding other such and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

24.     Plaintiffs incorporate by reference the preceding paragraphs as set forth herein.

25.     At all relevant times the Policy was a valid and enforceable contract between Plaintiffs and Defendant Insurer.  Plaintiffs performed all material obligations and conditions precedent under the Policy including paying valuable consideration (premiums) for insurance coverage to which Plaintiffs were entitled to the benefit of the bargain.

26.     On or about March 31, 2023, Plaintiffs suffered a Loss of its BPP.

27.     The Policy was in full force and effect and the time of the Loss and included coverage for BPP.  The Loss is BPP.

4

28.     Defendant Insurer had a duty to exercise good faith and fair dealing pursuant to the Policy in order to effectuate Defendant Insurer's expressed promises to provide coverage for BPP losses.

29.     Defendant Insurer breached its duty of good faith and fair dealing by refusing to fully compensate Plaintiffs for the Loss as contemplated under the Policy.

30.     Defendant Insurer's actions were commercially unreasonable as Plaintiffs' Loss of $354,769.00 is far in excess of the $10,000.00 tendered.

31.     Further, Defendant Insured had unreasonably and unnecessarily delayed payment of the full Claim and failed to properly investigate the Claim to determine appropriate coverage.

32.     As a result of Defendant Insurer's failure to act in good faith, Defendant Insurer materially breaching the parties' contract and damaged Plaintiffs in the amount of $354,769.00.

**WHEREFORE,** Plaintiffs pray this Court enter a judgment against Defendant Insurer as to Count II, in its favor, together with interest as provided by law from the date of judgment, and for costs, including reasonable attorney's fees and expenses, and awarding other such and further relief as this Court deems just and proper.

**COUNT III**
**VEXATIOUS REFUSAL TO PAY**

33.     Plaintiffs incorporate by reference the preceding paragraphs as set forth herein.

34.     At all relevant times the Policy was a valid and enforceable contract between Plaintiffs and Defendant Insurer.  Plaintiffs performed all material obligations and conditions precedent under the Policy including paying valuable consideration for insurance coverage.

35.     On or about March 31, 2023, Plaintiffs suffered a Loss and made claims to Defendant Insurer for that Loss.

36.     Defendant Insurer had a duty to investigate in good faith the circumstances confronting Defendant Insurer and Defendant Insurer refused without just cause or excuse to pay the full amount of the BPP Loss.

37.     If Defendant Insurer had acted reasonably in its investigation of this Claim it would have found the BPP to have been covered under the Policy and covered the Loss.

38.     Defendant Insurer's refusal is vexatious because:

    a.  Defendant Insurer knew or should have known the loss was caused by an occurrence completely out of Plaintiffs' control;

    b.  Defendant Insurer knew or should have known the BPP Loss of $354,769.00 was far in excess of the offered Property Off Premises coverage of $10,000.00;

    c.  Defendant Insurer put its own pecuniary interest ahead of its insureds'; and

    d.  Defendant Insurer failed to properly investigate the Claim.

39.     Defendant Insurer is subject to civil penalties as set forth in K.S.A. § 40-256 for its vexatious and recalcitrant attitude in the multiple denials of coverage for the full Claim.

**WHEREFORE,** Plaintiffs pray this Court enter a judgment against Defendant Insurer as to Count III, in its favor, together with interest as provided by law from the date of judgment, and for costs, including reasonable attorney's fees and expenses, and awarding other such and further relief as this Court deems just and proper.

**Date:** July 14, 2025

Respectfully Submitted,

Elizabeth A. Vasseur-Browne

6

COOLING & HERBERS. P.C.

/s/ _Elizabeth A. Vasseur-Browne_

Elizabeth A. Vasseur-Browne, 25170
2400 City Center Square
1100 Main Street
Kansas City, Missouri 64105
Telephone: (816) 474-0777
Facsimile: (816) 472-0790
lbrowne@coolinglaw.com
**ATTORNEYS FOR PLAINTIFFS
JAMES R. WIENS
CONCRETE VAULTS INC.  and
JRW INVESTMENT, LLC**


## DEMAND FOR JURY TRIAL

Plaintiff James R. Wiens, Concrete Vaults Inc., and JRW Investment LLC request a jury trial on issues so triable herein.

_Elizabeth A. Vasseur-Browne_

Elizabeth A. Vasseur-Browne

7